

United States District Court
District of Connecticut
FILED AT HARTFORD
11 21 03
Kevin F. Rowe, Clerk
By

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL MACHUCA, DANIEL EVANS, LUIS MONTES URENA, STEVEN GARY<br>    *Plaintiffs,* | : | |
| | : | |
| | : | |
| | : | **CIVIL NO 3:00CV01722(DFM)** |
| VS. | : | |
| | : | |
| SGT. BRENDAN CANNING, CHIEF MELVIN WEARING and CITY OF NEW HAVEN<br>    *Defendants.* | : | |
| | : | |
| | : | |
| | : | **OCTOBER 10, 2003** |

## T H I R D   A M E N D E D   C O M P L A I N T

**COUNT ONE**

1.  This is an action to redress the deprivation by the defendants of rights secured to the plaintiffs by the Constitution and laws of the United States and the State of Connecticut.  The defendant City of New Haven promulgated and enforced a policy, via its agents, defendants Canning and Wearing, of depriving individuals of their liberty, through the imposition of cash bonds and denial of

bonds, without having the legal authority to do so.  The aforesaid policy and practice violates the Eighth and Fourteenth Amendments to the United States Constitution, and Article First §8 of the Connecticut Constitution.

    2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

    3.  At all times mentioned in this complaint the plaintiffs were adults living in the town of New Haven, in the state of Connecticut.

    4.  During all times mentioned in this action, the defendants Canning and Wearing were duly appointed officers in the New Haven Police Department, all acting in their official capacities.  They are sued in their individual and official capacities.

    5.  During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the Constitution, statutes,

laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

6.  At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries herein complained of.

7.  On May 5, 2000, plaintiff Evans was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

8.  On or about May 5, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff Evans in lieu of $100,000 cash bond.  The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving plaintiff of his liberty.

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115 • FAX (203) 624-4791

9.  On or about June 29, 2000, plaintiff Machuca was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

10.  On or about June 29, 2000, Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff Machuca without bond.  Defendant Canning's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving plaintiff of his liberty.

11.  On or about June 29, 2000, plaintiff Urena was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

12.  Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff Urena in lieu of $50,000 cash bond.  Officer

4

Canning's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving plaintiff of his liberty.

13.    On or about June 16, 2000, Steven Gary was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

14.  An unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff Gary in lieu of $50,000 cash only bond.  The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving plaintiff of his liberty.

15.  Defendant Wearing is the Chief of the New Haven Police Department and at the time of defendant Canning and other unknown officers' aforesaid conduct, Defendant Wearing had supervisory authority over the defendants.

5

Defendant Wearing is the highest policy setting official in the New Have Police Department.

16. Defendant Wearing was aware of defendants Canning and other unknown officer's practice of depriving individuals of their liberty without due process and failed to intervene to stop their conduct.

17. The procedures concerning the imposition of bail in Connecticut and applicable to plaintiffs at the time of their arrest are outlined in C.G.S. §53a-63d.

18. These codified procedures authorize a police officer to set bond in a manner consistent with Connecticut Practice Book §38-2. None of the aforesaid statutes or Practice Book provisions permit the imposition of a cash-only bond.

19. When an individual is arrested and unable to meet the bail as set by a police officer, he or she must be interviewed by a Bail Commissioner for purposes of reviewing the appropriateness of the police set bond.

KNIGHT, CONWAY & CERRITELLI, L.L.C. • ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT • NEW HAVEN, CONNECTICUT 06510 • (203) 624-6115 • FAX (203) 624-4791

20.    The Bail Commissioner, whose sole function is to act as an oversight to the police, may concur with the police, or either increase or decrease the existing bond.

21.    Factors which the police are to take into consideration when a bond is set are the following:

a.    Nature and circumstance of the offense;

b.    Arrestee's record of previous convictions;

c.    Defendant's record of appearance in court after being admitted to bail;

d.    Defendant's family ties;

e.    Defendant's employment record;

f.    Defendant's financial resources;

g.    Defendant's mental condition;

h.    Defendant's character;

i.    Defendant's community ties.

7

22.    Despite clear statutory guidance, defendants Canning and Officer Doe imposed cash-only bonds without inquiry into any of the above factors.

23. As a result, the plaintiffs suffered the loss of their liberty without due process.

24.  The conduct of the defendants described above violated the plaintiff's rights to be free from excessive bail and loss of their liberty without due process.  All of these rights are secured to the plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution, Article First, §8 of the Connecticut Constitution, and by Title 42 U.S.C. §1983 and §1988.

COUNT TWO

Paragraphs 1-17.  Paragraphs one through seventeen of Count One are hereby adopted as paragraphs one through seventeen of Count Two.

18.    On or about June 13, 2000, William Baines was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

8

19. On or about June 13, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Baines in lieu of $100,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Baines of his liberty.

20.    On or about June 13, 2000, Randy Bromell was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

21. On or about June 13, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff for setting bonds as prescribed by Connecticut law, and held Mr. Bromell in lieu of $75,000 cash only bond. The officer's actions were done

9

intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Bromell of his liberty

22.     On or about June 13, 2000, Christopher Goins was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

23. On or about June 13, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held plaintiff for setting bonds as prescribed by Connecticut law, and held Mr. Goins in lieu of $75,000 cash only bond.  The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Goins of his liberty

24.     On or about June 13, 2000, Michael Nicholson was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

KNIGHT, CONWAY & CERRITELLI, L.L.C. • ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT • NEW HAVEN, CONNECTICUT 06510 • (203) 624-6115 • FAX (203) 624-4791

25. On or about June 13, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Nicholson in lieu of $100,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Nicholson of his liberty

26.    On or about June 7, 2000, David Quinones was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

27. On or about June 7, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held  Mr. Quinones in lieu of $150,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Quinones of his liberty

11

28.    On or about May 12, 2000, Rodney Henderson was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

29. On or about May 12, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Henderson in lieu of $100,000 cash only bond.  The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Henderson of his liberty

30.    On or about May 12, 2000, Marlon Jenkins was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

31. On or about May 12, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr.

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115  •  FAX (203) 624-4791

Jenkins in lieu of $50,000 cash only bond.  The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Jenkins of his liberty.

32.    On or about May 2, 2000, Julian Dent was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

33. On or about May 2, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Dent in lieu of $25,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Dent of his liberty.

34.    On or about May 1, 2000, Steven McCoy was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

13

35. On or about May 1, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. McCoy in lieu of $25,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. McCoy of his liberty

36. On or about May 1, 2000, David Jowers was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

37. On or about May 1, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Jowers in lieu of $20,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Jowers of his liberty.

14

38.  On or about May 1, 2000, Charles Miller was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

39. On or about May 1, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Miller in lieu of $100,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Miller of his liberty.

40.  On or about April 28, 2000, Jaqueline Lanzieri was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

41. On or about April 28, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Ms.

15

Lanzieri in lieu of $100,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Ms. Lanzieri of her liberty.

42. On or about April 28, 2000, Peter Rawlings was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

43. On or about April 28, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Rawlings in lieu of $100,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Rawlings of his liberty.

44. On or about April 27, 2000, Omar Wright was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

16

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115  •  FAX (203) 624-4791

45. On or about April 27, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Wright in lieu of $50,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Wright of his liberty.

46. On or about April 19, 2000, Santos Garcia was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

47. On or about April 19, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Garcia in lieu of $400,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Garcia of his liberty.

17

48. On or about April 7, 2000, Elaine Setzer arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

49. On or about April 7, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Ms. Setzer in lieu of $35,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Ms. Setzer of her liberty.

50. On or about July 11, 2000, Linda Carrion was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

51. On or about July 11, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Ms. Carrion in lieu of $100,000 cash only bond. The officer's actions were done

18

intentionally, knowingly, without legal authority, and for the sole purpose of depriving Ms. Carrion of her liberty.

52. On or about April 4, 2000, Howard Lewis was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

53. On or about April 4, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Lewis in lieu of $21,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Lewis of his liberty.

54. On or about March 31, 2000, Joseph Giamattei was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

19

55. On or about March 31, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Giamattei in lieu of $50,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Giamattei of his liberty.

56.  On or about July 22, 2000, Morris Carmen was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

57. On or about July 22, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Carmen in lieu of $75,000 cash only bond. The officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Carmen of his liberty.

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115 • FAX (203) 624-4791

58.  On or about July 20, 2000, Rogelio Ortiz was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

59. On or about July 20, 2000, Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Ortiz in lieu of $50,000 cash only bond. Defendant Canning'ss actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Ortiz of his liberty.

60.  On or about July 20, 2000, Lydia Rivera was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

61. On or about July 20, 2000, Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Ms. Rivera in lieu of

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115  •  FAX (203) 624-4791

$100,000 cash only bond. Defendant Canning's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Ms. Rivera of her liberty.

62.  On or about July 20, 2000, Carlos Jaime was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

63. On or about July 20, 2000, Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Jaime in lieu of $50,000 cash only bond. Defendant Canning's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Jaime of his liberty.

64.  On or about July 11, 2000, Tyree Robinson was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

22

65. On or about July 11, 2000, Defendant Canning, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Robinson in lieu of $250,000 cash only bond. Defendant Canning's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Robinson of his liberty.

66. On or about March 30, 2000, Juan Burney was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

67. On or about March 30, 2000, an unknown New Haven police officer, pursuant to the policy of the New Haven police Department, ignored the procedures for setting bonds as prescribed by Connecticut law and held Mr. Burney in lieu of $50,000 cash only bond. The unknown officer's actions were done intentionally, knowingly, without legal authority, and for the sole purpose of depriving Mr. Burney of his liberty.

23

68. On or about April 12, 2000, Jonguay Morrison was arrested and brought to the New Haven Police Department at One Union Avenue, New Haven Connecticut.

KNIGHT, CONWAY & CERRITELLI, L.L.C. • ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT • NEW HAVEN, CONNECTICUT 06510 • (203) 624-6115 • FAX (203) 624-4791

excess of that which would assure the aforesaid individual's appearance in court.

74.  The aforesaid bonds were set with conscious indifference to the  constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Article First, §8 of the Connecticut Constitution.

75.  The above pattern and practice of setting excessive bail and depriving citizens of their liberty without due process is the result of municipal custom or policy.

**WHEREFORE**, the plaintiff claims judgment against the defendants and each of them, jointly and severally, as follows:

A. Injunctive relief;

B. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

C. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;

D. Attorney fees and the costs of this action pursuant to 42 U.S.C. § 1988;

E.  Such other relief as this Court shall consider fair and equitable.

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115 • FAX (203) 624-4791

THE PLAINTIFFS
MIGUEL MACHUCA
DANIEL EVANS
STEVEN GARY
LUIS MONTES URENA


BY_____
GLENN M. CONWAY
7 Elm Street
New Haven, Connecticut 06510
TEL:  (203) 624-6115
FAX:  (203) 624-4791
Federal Bar No. ct17946
Their Attorney

KNIGHT, CONWAY & CERRITELLI, L.L.C.  •  ATTORNEYS AT LAW
7-9 ELM ST., 2ND FLR LEFT  •  NEW HAVEN, CONNECTICUT 06510  •  (203) 624-6115 • FAX (203) 624-4791