UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL MACHUCA, et al.,          :
                                 :
        Plaintiffs,              :
                                 :
        v.                       :          CASE NO. 3:00CV1722(RNC)
                                 :
SGT BRENDAN CANNING, et al.,     :
                                 :
        Defendants.              :

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiffs, Miguel Machuca ("Machuca"), Daniel Evans ("Evans"), Luis Urena ("Urena") and Steven Gary ("Gary"), bring this action pursuant to 42 U.S.C. § 1983 against the defendants, Brendan Canning ("Canning"), a New Haven police officer, former Chief of Police Melvin Wearing ("Wearing")[1] and the City of New Haven.  The plaintiffs claim that the "cash only" prearraignment bonds that were set for them contravene Connecticut state law and constitute excessive bail in violation of the Eighth Amendment of the United States Constitution and Article First, § 8 of the Connecticut Constitution.[2]  Pending before the court is the defendants' motion for summary judgment.  (Doc. #38.)  For the reasons set forth below, the defendants' motion is granted.

_____

[1]Canning and Wearing are sued in their individual and official capacities.  (Compl. ¶4.)

[2]Although the plaintiffs initially pled a substantive due process claim, they subsequently abandoned this claim.  (Doc. #47 at 27.)

I.    Factual Background

This action arises out of bail bonds that were set for the plaintiffs after their arrest and before their arraignment.[3] Plaintiff Evans was held in lieu of a $100,000 cash bond. Plaintiff Gary was held in lieu of a $50,000 cash bond.  "John Doe," an unknown New Haven police officer, set bonds for plaintiffs Gary and Evans.  (Doc. #39, Defendants' Local Rule 9(c)1 Statement, ¶12 (admitted)).  Plaintiff Machuca was held without bond. Plaintiff Urena was held in lieu of a $50,000 cash bond.  Defendant Canning, then a supervisor in charge of the Narcotics Enforcement Unit, set Urena's bond and set no bond for Machuca after consulting with a prosecutor.  (Doc. #39, Defendants' Local Rule 9(c)1 Statement, ¶12 (admitted)).  Each of the plaintiffs were held until their arraignment.

Under Connecticut law, police officers may make preliminary bail determinations before arraignment.  See Conn. Gen. Stat. § 54-63c.[4]  An officer is required[5] to conduct an interview with the

_____

[3]The plaintiffs are four unrelated individuals.  They were arrested at different times and for different offenses.

[4]Conn. Gen. Stat. § 54-63c(a) provides in relevant part: [W]hen any person is arrested for a bailable offense, the chief of police, or the chief's authorized designee, of the police department having custody of the arrested person shall promptly advise such person . . . of the person's right to be interviewed concerning the terms and conditions of release. Unless the arrested person waives or refuses such interview, the police officer shall promptly interview the arrested person to obtain information relevant to the terms and conditions of the

arrestee to obtain information relevant to the terms and conditions of the individual's release. Conn. Gen. Stat. § 54-63c(a). The officer then either may order the release of the arrested person upon the execution of a written promise to appear or the posting of a bond "as may be set by the police officer." Id. The statute provides procedures for when cash bail in excess of ten thousand dollars is received. Id. If the arrested person does not post bail, the police officer must notify a bail commissioner. Id.

Pursuant to Conn. Gen. Stat. § 54-63d(d),[6] if the police object to the decision of the bail commissioner, "the police

_____

person's release from custody, and shall seek independent verification of such information where necessary. At the request of the arrested person, the person's counsel may be present during the interview. After such a waiver, refusal or interview, the police officer shall promptly order release of the arrested person upon the execution of a written promise to appear or the posting of such bond as may be set by the police officer . . . .

Conn. Gen. Stat. § 54-63c subsequently was amended on October 1, 2003 but the amendments are not material to the issues presented.

[5]The arrested individual may waive or refuse the interview. See fn. 4.

[6]Conn. Gen. Stat. § 54-63d(d) provides in relevant part:

The police department shall promptly comply with the order of release of the bail commissioner, except that if the department objects to the order or any of its conditions, the department shall promptly so advise a state's attorney or assistant state's attorney, the bail commissioner and the arrested person. The state's attorney or assistant state's attorney may authorize the police department to delay release, until a hearing can be had before the court . . . .

department shall promptly so advise a state's attorney or assistant state's attorney.  The statute explicitly confers discretion to delay release upon the state's attorney.  See Conn. Gen. Stat. § 54-63d(d) ("The state's attorney or assistant state's attorney may authorize the police department to delay release, until a hearing can be had before the court . . . .")

The evidence offered by the plaintiffs indicates that New Haven police officers, including defendant Canning, contacted state's attorneys regarding setting bond and discussed the particular situation with them. (Pls' Ex. A, Canning Dep. at 16, 19, 20; Pls' Ex. B, Palumbo Dep. at 12; Pls' Ex. C, Doyle Dep. at 11.)  Specifically, the prosecutors were consulted as to whether cash bail was appropriate. (Pls' Ex. B, Palumbo Dep. at 12; Pls' Ex. C, Doyle Dep. at 7-8, 14.)  Cash only bonds were set because they have the practical effect of detaining the arrestee until his next court appearance. (Pls' Ex. A, Canning Dep. at 17; Pls' Ex. B, Palumbo Dep. at 14; Pls' Ex. C, Doyle Dep. at 18.)

The plaintiffs claim that although Conn. Gen. Stat. § 54-63c confers authority upon law enforcement officers to set bonds, this statutory authority does not authorize police officers to set cash bonds.  They argue that the practice of consulting with the state's attorney results in an "end run" around the bail commissioner. (Doc. #47 at 10.)  They further allege that bail was set without consideration of the nature and circumstances of their offense,

4

prior convictions, record of appearances in court after having been released on bond, family ties, employment record, financial resources, mental condition and character or community ties. Rather, the purpose of these bonds, according to the plaintiffs, is to ensure that arrestees are not released prior to their first court appearance.

II. <u>Standard of Review</u>

Summary judgment may be granted only if there is no genuine issue of material fact to be tried, and the moving party is therefore entitled to judgment as a matter of law.  In making this determination, the court views "the evidence in a light most favorable to . . . the non-moving party, and draw all reasonable inferences in his favor."  <u>Root v. Liston</u>, 444 F.3d 127, 130 (2d Cir. 2006).

III. <u>Discussion</u>

The defendants move for summary judgment as to the plaintiffs' Eighth Amendment claim.[7]  They argue that Connecticut's statutes do not prohibit the police from setting cash bonds and that, in any event, they are entitled to absolute immunity.  They point the court's attention to <u>Sanchez v. Doyle</u>, 254 F. Supp. 2d 266 (D.

---

[7]"The Eighth Amendment addresses pretrial release by providing merely that '[e]xcessive bail shall not be required.'  This Clause, of course, says nothing about whether bail shall be available at all."  <u>United States v. Salerno</u>, 481 U.S. 739, 752 (1987).

Conn. 2003),[8] in which Judge Arterton addressed the precise issue raised in this complaint.

In Sanchez v. Doyle, the defendant police officer, upon arrest of the plaintiff, set the plaintiff's bail at $500,000 cash only after consultation with a prosecutor in the Connecticut State's Attorney's Office.  Id. at 269.  The plaintiff sued the police officer and prosecutor alleging violation of his right to be free from excessive bail under the Eighth Amendment.  As in this case, the plaintiff contended that the defendant police officer violated Conn. Gen. Stat. § 54-63c and that he had no authority to set a cash only bond.  The plaintiff also argued that it was improper for the police officer to seek advice from a state's attorney prior to setting bail because the statute permits the officer to contact a state's attorney to object to a bail redetermination made by a bail commissioner.  The court disagreed.  The court found that the defendant police officer "was absolutely immune from personal-capacity suits for monetary damages under 42 U.S.C. § 1983 for actions related to performing the bail setting function assigned to police officers under Conn. Gen. Stat. § 54-63c."[9]

---

[8]The plaintiff's counsel in the instant case represented the plaintiff in Sanchez.

[9]"[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity. . . . Absolute immunity is an extreme protection, insulating the immune party from 'any judicial scrutiny of the motive for and reasonableness of official action.'"  Root v. Liston, 444 F.3d 127, 130-131 (2d Cir. 2006) (citations omitted).

In so concluding, the district court focused on the nature of the act being performed, citing Forrester v. White, 484 U.S. 219, 224 (1988) ("It is the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis."). Sanchez, 254 F. Supp. 2d at 271. The district court applied the test set forth by the Second Circuit in Tucker v. Outwater, 188 F.3d 930, 933 (2d Cir. 1997) to determine whether a judge or other official performing a judicial function is entitled to absolute immunity:

> First, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction ···[;][s]econd, a judge is immune only for actions performed in his judicial capacity.

Sanchez, 254 F. Supp. 2d at 271 (citing Tucker, 188 F.3d at 933).

The district court found that setting bail is a judicial act and that the officer's role in setting the plaintiff's bail was "functionally comparable to that of a judge." Sanchez, 254 F.

---

> The purpose of absolute immunity is not to protect government officials as individuals, but rather to ensure that they can perform their jobs without harassment by civil suits and without intimidation by the threat of suit. . . . In determining whether absolute immunity attaches, [the court] therefore consider[s] 'the nature of the function performed, not the identity of the actor who performed it.' . . . Under this functional approach, persons enjoy absolute immunity 'not because of their particular location within the Government but because of the special nature of their responsibilities.'

Id. (internal quotation marks and citations omitted).

Supp. 2d at 271 (citing <u>Butz v. Economou</u>, 438 U.S. 478, 513 (1978)).   Upon examination of officers' functions under the statute, the court determined that police officers "cannot be said to perform merely administrative functions such as scheduling or making recommendations . . . but rather are serving independent judicial functions replete with the exercise of independent judgment in setting and reviewing bail conditions." <u>Sanchez</u>, 254 F. Supp. 2d at 272.  The issue then, under <u>Tucker v. Outwater</u>, was whether the defendant officer "acted in the clear absence of all jurisdiction."  The court concluded he did not.

As to the plaintiff's claim that the defendant police officer had no authority under the statute to set a cash only bond, the district court determined that Conn. Gen. Stat. § 54-63c "imposes no such limitation." <u>Sanchez</u>, 254 F. Supp. 2d at 272.  The court cited to language in the statute authorizing the officer to "order release of the arrested person upon the execution of a written promise to appear or the posting of such bond as may be set by the police officer . . . ." <u>Sanchez</u>, 254 F. Supp. 2d at 272.  With regard to the plaintiff's contention that it was improper for the officer to seek advice from the state's attorney prior to setting bail, the court concluded that "[a]lthough the statutory structure of Conn. Gen. Stat. § 54-63c does not contemplate or require an officer to contact a state's attorney prior to a bail commissioner's determination, nowhere does it preclude an officer

8

from doing so." Id.  The plaintiff also alleged that the defendant did not take into account the plaintiff's lack of previous criminal record and his personal circumstances in setting bail.  As to this claim, the court stated that although Conn. Gen. Stat. § 54-63c "required the officer to take those factors into consideration . . . this allegation does not constitute a claim of clear absence of all subject matter jurisdiction because the unlawful omissions here related to the general function of setting bail." Sanchez, 254 F. Supp. 2d at 273.

The court noted that "even if [the defendant officer] were prohibited under Connecticut law from setting an all cash bond and from contacting a state's attorney before setting any bond . . . both would constitute actions in excess of his authority since Conn. Gen. Stat. § 54-63c clearly grants constitutes a grant of general subject matter jurisdiction over bail to authorized police officers. See Tucker, 118 F.3d at 935-36." Sanchez, 254 F. Supp. 2d at 273.  In other words, even if the police officer exceeded the authority the State of Connecticut has granted to law enforcement officers in the area of bond setting, he did not act "in the clear absence of all jurisdiction." Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997).  The court therefore concluded that the defendant officer was entitled to absolutely immunity.

The district court held that "[g]ranting absolute immunity to [the defendant police officer] for performing the bail related

9

function of his position serves the underlying purpose for judicial immunity, which is to 'free[ ] the judicial process from harassment or intimidation,' . . . since 'the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.'" Sanchez, 254 F. Supp. 2d at 273 (citing Forrester v. White, 484 U.S. 219, 226 (1988)).  The court further stated that

> [i]n addition, safeguards are in place to adequately protect against constitutional violations which reduce the need for private damage actions. . . . Counsel may be present during the bail interview, see Conn. Gen. Stat. § 54-63c(a), the arrested person has a right to prompt review of the officer's bail determination if bond has not been posted, see Conn. Gen. Stat. §§ 54-63c(a) & 54-63d(a), and, should a prosecutor authorize delaying release after a redetermination by a bail commissioner that is objectionable to the police department, see Conn. Gen. Stat. § 54-63d(d), such delay lasts only 'until a hearing can be had before the court then sitting for the geographical area . . . or, if the court is not then sitting, until the next sitting of said court.' Id.

Sanchez, 254 F. Supp. 2d at 273.

The reasoning in Sanchez has been followed by other courts in this district.  See Walczyk v. Rio, 339 F. Supp. 2d 385, 390 (D. Conn. 2004) (plaintiff's excessive bail claim "fails as a matter of law because when a police officer sets temporary bail under Conn. Gen. Stat. § 54-63c, he performs a judicial function and hence has absolute immunity from suit"); Minney v. Kradas, No. 3:01CV1543(EBB), 2004 WL 725330, at *4 (D. Conn. Mar. 31, 2004)(defendant officer was absolutely immune from plaintiff's § 1983 lawsuit alleging that the cash bond set by defendant officer

was excessive in violation of the Eighth Amendment); Bacchiocchi v. Chapman, No. 3:02CV1403(JCH), 2004 WL 202142, at *6-7 (D. Conn. Jan. 26, 2004) (defendant police officer was entitled to absolute immunity from plaintiff's claim that defendant set his bail at an excessive level in violation of the Eighth Amendment).

In Clynch v. Chapman, 285 F. Supp. 2d 213 (D. Conn. 2003), the plaintiff alleged that the defendant police officers violated the excessive bail clause of the Eighth Amendment by imposing an automatic bond without assessing individualized factors, such as the arrestee's criminal record. The court concluded that the officers were absolutely immune from § 1983 actions "related to performing the bail setting function assigned to Connecticut police officers under Conn. Gen. Stat. § 54-63c." Clynch, 285 F. Supp. 2d at 220. The court held that "even if the police department's policy of automatic bail is at variance with Conn. Gen. Stat § 54-63c(a), the general function of setting bail was within [the defendant officer's] statutory authority." Id. at 222.

The Second Circuit considered a similar issue in Root v. Liston, 444 F.3d 127 (2d Cir. 2006) of whether a prosecutor has absolute immunity as to his actions in increasing bond. In Root, the defendant, a Connecticut state's attorney, unilaterally increased the bond amount of an arrestee that had been set by a judge. The plaintiff alleged that the defendant violated the Eighth Amendment. The defendant argued that he was absolutely

immune because he had a colorable claim of jurisdiction based on Conn. Gen. Stat. § 54-63d(d). The Court of Appeals stated that the fact that the defendant's conduct "was not by nature prosecutorial does not defeat his immunity. Under the functional approach that controls the analysis, [the defendant] enjoys immunity for his (colorably authorized) acts that are judicial in nature, notwithstanding that he is a prosecutor." Root v. Liston, 444 F.3d 127, 131 (2d Cir. 2006). The court reasoned that

> [the defendant's] conduct in ordering the amount of [the plaintiff's] bond increased was judicial in nature. Ordinarily, it is judges who set bail . . . and judges enjoy absolute immunity when they do so . . . . A decision to increase the amount of a bond is inherently judicial, even when it is made outside the bail application process. . . . In sum, under the functional approach to immunity questions, to the extent that [the defendant's] conduct is protected by absolute immunity, it is protected by absolute <u>judicial</u> immunity. <u>Cf</u>. <u>Sanchez v. Doyle</u>, 254 F. Supp. 2d 266, 271-73 (D. Conn. 2003) (holding that police officer authorized by Connecticut law to set bond for arrested person enjoys absolute judicial immunity for the setting of such bond); <u>Clynch v. Chapman</u>, 285 F. Supp. 2d 213, 221-22 (D. Conn. 2003) (same).

> Judicial immunity protects the actor unless he acted in the clear absence of all jurisdiction. . . . For the purpose of that inquiry, conducted under Connecticut law, [the defendant's] immunity would not necessarily be defeated even by a finding that his action was in error, was done maliciously, or was in excess of his authority . . .; absolute immunity protects unless the action was manifestly or palpably beyond his authority . . . .

<u>Root</u>, 444 F.3d at 131 (internal quotation marks and citations omitted). The court concluded that although the defendant might not have acted pursuant to actual authority under Connecticut's

statutes, he "possessed colorable" authority.[10]  Id. at 134.  As a result, the Second Circuit concluded that

> [he] enjoys absolute immunity because a colorable argument may support an otherwise dubious and aggressive exercise of power. We appreciate that this ruling does not foreclose the risk that prosecutors will misuse their authority. However, this risk is mitigated: Connecticut law authorizes a state's attorney to delay unilaterally a prisoner's release only until 'a hearing can be had before the court then sitting for the geographical area which includes the municipality in which the arrested person is being detained or, if the court is not then sitting, until the next sitting of said court,' § 54-63d(d); so judicial review of a prosecutor's unilateral decision to modify the bond amount is almost certain to take place within days . . . . The risk of a prosecutor effecting a serious deprivation of rights under these circumstances is low.

Root, 444 F.3d at 134-135 (internal quotation marks and citations omitted).

The Second Circuit's opinion, in which it cited Sanchez v. Doyle with approval, as well as the aforementioned district court case law, compels the conclusion that the defendants in this case are entitled to absolute immunity as to the plaintiffs' Eighth Amendment excessive bail claims.  As has been recognized, the defendants are statutorily authorized to set bail, a judicial function.  Even if the defendants' alleged actions were not authorized by the statute (a conclusion with which the district court in Sanchez v. Doyle disagrees and one that the Second Circuit

---

[10]The court intimated that the prosecutor's actions were not authorized under Conn. Gen. Stat. § 54-63d but held that because "this question is one of state law and is not decisive of [the] appeal, we need not decide it."  Root, 444 F.3d at 134.

suggests this court need not reach), they have colorable authority for their actions pursuant to Conn. Gen. Gen. § 54-63c. Their immunity is not "defeated even by a finding that [their] action[s] [were] in error, [were] done maliciously or [were] in excess of [their] authority." <u>Root v. Liston</u>, 444 F.3d 127, 132 (2d Cir. 2006). Because the defendants did not act "in the clear absence of all jurisdiction," <u>Tucker v. Outwater</u>, 118 F.3d 930, 933 (2d Cir. 1997), they are entitled to absolute immunity. Accordingly, the defendants' motion for summary judgment is granted as to the plaintiffs' Eighth Amendment claims.

Because no federal claim remains, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. <u>See</u> <u>Galen Institute, LLC v. Lewis</u>, 392 F. Supp. 2d 357, 367 (D. Conn. 2005) ("[T]he basis for retaining jurisdiction is weak when the federal claims are dismissed before trial. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).").

IV. <u>Conclusion</u>

For the foregoing reasons, the defendants' motion for summary judgment (doc. #39) is granted. The court declines to exercise pendent jurisdiction over plaintiffs' remaining state law claims, which are dismissed without prejudice.

SO ORDERED at Hartford, Connecticut this 29th day of September, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge